# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No. 06-824V
### Filed: June 10, 2013

* * * * * * * * * * * * * * * * * * * * * * * * * *

LEO WENTZ and MICHELLE WENTZ,    *
as best friends of their son,    *
Lincoln J. Wentz,    *
   *
      Petitioners,    *         Petitioners' Costs
   *
         v.    *
   *
SECRETARY OF HEALTH AND    *
HUMAN SERVICES,    *
   *
      Respondent.    *

* * * * * * * * * * * * * * * * * * * * * * * * * *

John F. McHugh, Esq., Law Office of John McHugh, New York, NY, for petitioners.
Lynn E. Ricciardella, Esq., U.S. Dep't of Justice, Washington, DC, for respondent.

## DECISION ON PETITIONERS' COSTS[1]

**Vowell,** Special Master:

In this case under the National Vaccine Injury Compensation Program,[2] I issued a decision dismissing petitioners' case for insufficient proof on January 5, 2012.  On June 6, 2013, petitioners filed a Stipulation of Petitioners' Costs ["Stipulation"].[3]  In the

---

[1] Because this decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq.* (2006).

[3] The Stipulation was filed over 180 days after the entry of judgment on February 7, 2012.  *See* Vaccine Rule 13(a) ("Any request for attorney's fees and costs pursuant to 42 U.S.C. § 300aa-15(e) must be filed no later than 180 days after the entry of judgment.").  In a status conference held on May 22, 2013, respondent informed the court that she had received a letter directly from petitioners regarding their costs for Dr. Kendall's services.  Counsel for petitioners, who elected not to file an application for attorney fees, indicated that he was unaware that petitioners had any costs with regard to Dr. Kendall's services.  He

Stipulation, petitioners, in compliance with General Order #9, represent that they have incurred personal expenses in pursuit of their claim. In support of their request, petitioners filed Dr. Kendall's invoice with the Stipulation. Petitioners request an amount to which respondent does not object.[4]

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for petitioners' costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(e). Further, the proposed amount seems reasonable and appropriate. **Accordingly, I hereby award:**

- **a lump sum of $1,050.00 in the form of a check payable to petitioners, Leo Wentz and Michelle Wentz, for their personal litigation costs.** This amount represents all costs available to petitioners under 42 U.S.C. §§ 300aa-15(e).

The clerk of the court shall enter judgment in accordance herewith.[5]


**IT IS SO ORDERED.**


**s/Denise K. Vowell**
Denise K. Vowell
Special Master

---

added that he had also paid Dr. Kendall. Further, respondent stated that she would not oppose an application for reasonable costs provided petitioners produce a receipt(s) with their application.

[4] In informal communications with my chambers after the filing of the Stipulation, respondent confirmed that she does not object to the requested amount for petitioners' costs.

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).